IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEGENDS SALES AND MARKETING, LLC, a limited liability company,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>WEST HAYMARKET JOINT PUBLIC AGENCY, a political subdivision of the State of Nebraska,<br><br>　　　　　　Defendant. | Case No. 8:13-cv-03198<br><br><br><br>ANSWER |

　　　　For its answer to Plaintiff's Complaint for Declaratory Judgment, Defendant West Haymarket Joint Public Agency (hereinafter "JPA") alleges as follows:

　　　　1.　　Admits the allegations of Paragraphs 1-9 of Plaintiff's Complaint.

　　　　2.　　Admits the allegations of Paragraph 10 of the Complaint that Pinnacle Bank and JPA entered into a "Title Sponsorship Agreement," and that when Defendant entered into the Title Sponsorship Agreement it publicly announced that the naming rights were sold to Pinnacle Bank for $11,250,000.  For further answer to Paragraph 10, Defendant alleges that the Title Sponsorship Agreement was negotiated by Plaintiff, acting on the JPA's behalf as its agent.  The Agreement provided that Pinnacle Bank would pay a "Title Sponsorship Fee," which could have totaled $11,250,000 if it had been paid in installments over 25 years, but the Agreement also expressly entitled Pinnacle Bank in its sole discretion to discharge the fee pursuant to an "Accelerated Payment" clause, allowing the bank to pay JPA a "Discount Amount" in lieu of installment payments; the Discount Amount equaled the present value of the base installment payments using a discount rate of 4.00%.   Pinnacle Bank unilaterally chose to exercise the Accelerated Payment clause in the Agreement, which made the Discount Amount of $6,731,958.00 the amount payable

to JPA as Pinnacle Bank's Title Sponsorship Fee. Any remaining allegations of Paragraph 10 of the Complaint are denied.

       3.      Defendant denies the first sentence of Paragraph 11 of the Complaint and admits the remaining allegations of that paragraph. For further answer to Paragraph 11, Defendant incorporates herein by reference Exhibit "A" to Plaintiff's Complaint, which is a true copy of the Consultant Agreement between Plaintiff and Defendant, including Attachment "A." Defendant alleges that Attachment "A" provided that Defendant would pay sales commissions to Plaintiff by applying the applicable Commission Rate to Gross Term Revenue, as defined therein. Defendant further alleges that according to the contract definition, the amount of $6,731,958.00 that was the Title Sponsorship Fee payable when Pinnacle Bank exercised its option under the Accelerated Payment clause is the Gross Term Revenue for commission purposes; Defendant accurately and correctly calculated the commission due and owing to Plaintiff on that amount in accordance with all terms and conditions of the Consultant Agreement; Defendant has performed all obligations on its part under the Consultant Agreement in every respect.

       4.      Defendant denies each and every allegation of Paragraph 12 of the Complaint and alleges that in its dealings with Defendant and in the Consultant Agreement, Plaintiff held itself out as possessing special skills, experience and education and agreed to perform its services in a satisfactory and professional manner that would "maximize revenues for the new Arena" Plaintiff's services were to include development of naming rights packages, including pricing, and it agreed to provide JPA with ongoing communication to keep JPA informed of its progress in performing these services. Plaintiff has breached its implied covenant of good faith and fair dealing and failed to perform its services in a satisfactory and professional manner in its negotiation and pricing of the Pinnacle Bank Title Sponsorship Agreement and its attempt to

obtain a commission on the Base Fee rather than the Discount Amount that Pinnacle Bank elected to pay; additionally, Plaintiff is in breach of its obligation under the Consultant Agreement to indemnify and hold the JPA harmless for this lawsuit arising from Plaintiff's performance of the Consultant Agreement, which suit is caused by Plaintiff's negligence, gross negligence or intentional tort in the negotiation and pricing of the Title Sponsorship Agreement and its overreaching interpretation of its entitlement to commissions under that agreement.  For further answer to Paragraph 12 Defendant alleges that if Plaintiff were to be paid a commission on the Title Sponsorship Fee base of $11,250,000, even though Pinnacle Bank paid JPA nearly five million dollars less, Plaintiff's commission would grossly exceed the stated commission on Gross Term Revenue agreed to by the parties in the Consultant Agreement.

     5.     Defendant admits the allegation of the second sentence of Paragraph 13 of the Complaint that JPA has accounted to Legends and has stated that it will pay commissions to Plaintiff for the sale of the title sponsorship on the amount of $6,731,958.00, and admits further the allegations in the third sentence of that paragraph that this amount is the Discount Amount payable that was remitted by Pinnacle Bank pursuant to the bank's unilateral exercise of the Accelerated Payment provision in the Title Sponsorship Agreement; each and every remaining allegation of Paragraph 13 is denied.

     6.     The allegations of Paragraph 14 are admitted.

     7.      Each and every allegation of Plaintiff's Complaint not expressly admitted herein is denied.

     8.     Defendant JPA alleges that when it agreed to the Accelerated Payment clause in the Pinnacle Bank Title Sponsorship Agreement negotiated by Plaintiff, it did so with the reasonable belief that even though the Accelerated Payment clause might result in JPA receiving a reduced

Title Sponsorship Fee, accelerated payment of the Discount Amount would provide Defendant with use of the Pinnacle Bank Title Sponsorship Fee payment years earlier and over a longer period of time than the Base Fee installments over 25 years, to JPA's economic benefit.

9. Defendant JPA alleges that Plaintiff's claim that it is due an additional $596,051.00 in commissions, calculated on the base Title Sponsorship Fee of $11,250,000.00, when JPA was paid only $6,731,000.00, is an attempt by Plaintiff to maximize Plaintiff's own profit by depriving JPA of a substantial benefit that JPA reasonably expected it would receive in the event Pinnacle Bank chose to exercise its contractual right to pay the Discount Amount under the Accelerated Payment clause.

AFFIRMATIVE DEFENSES

BREACH OF FIDUCIARY DUTY

10. Plaintiff acted as JPA's agent for purposes of marketing, negotiation and sale of title sponsorship rights for the arena; as JPA's agent, Plaintiff owed its principal certain fiduciary duties, including the duty to act solely for JPA's benefit and in accordance with its directions, the duty not to profit from the agency relationship without JPA's permission, and the duty to make full disclosure to JPA of all relevant facts and circumstances concerning the agency.

11. Plaintiff knew at the time it negotiated the Title Sponsorship Agreement with Pinnacle Bank that Pinnacle Bank was considering exercising its option to accelerate its payment of the Title Sponsorship Fee and exercising its discretion to pay the reduced "Discount Amount" rather than the base amount of the fee.

12. On information and belief Defendant alleges that at the time Plaintiff negotiated the Title Sponsorship Agreement, Plaintiff intended that in the event Pinnacle Bank exercised its option to pay the reduced Discount Amount, Plaintiff would still assert that it was entitled to a

commission on the Base amount of the Title Sponsorship Fee, as if Pinnacle Bank's payment of the Fee had not been accelerated and hence reduced.

13. Plaintiff failed to disclose to its principal JPA that it intended to claim that it was entitled to a commission on the base Title Sponsorship Fee of $11,250,000, regardless of whether Pinnacle Bank exercised its discretion to pay JPA the reduced Discount Amount.

14. If Plaintiff had disclosed during negotiation of the Title Sponsorship Agreement that it intended to seek commissions on the Base Title Sponsorship Fee regardless of whether the bank paid the Discount Amount, Defendant would have had the opportunity to seek modification or clarification of the Consultant Agreement with Plaintiff, to negotiate alternative payment provisions in the Title Sponsorship Agreement with Pinnacle Bank, or to pursue other means of preventing Plaintiff from recognizing a windfall and an excessive commission on the Title Sponsorship Fee, to preserve the full economic benefit JPA reasonably expected from the Title Sponsorship Agreement.

15. Plaintiff's attempt to profit from the agency relationship at JPA's expense and its failure to make full disclosure of its intention to claim a commission on the base Title Sponsorship Fee, even though it knew Pinnacle Bank would be likely to exercise its option to pay the Discount Amount, breached Plaintiff's fiduciary duties to JPA as its principal, to JPA's detriment.

16. As JPA's agent, Plaintiff is prohibited from profiting to the detriment of JPA and is required to account in equity as trustee for any profit acquired thereby.

## ESTOPPEL

17. Plaintiff is estopped from asserting its cause of action herein by its conduct in negotiating, drafting and pricing of the Title Sponsorship Agreement with Pinnacle Bank, including a provision that allowed Pinnacle Bank to exercise an option to accelerate payment and pay the

Discount Amount, without any disclosure that Plaintiff intended to claim a commission on the base Title Sponsorship Fee, regardless of whether Pinnacle Bank opted to pay the Discount Amount.

WHEREFORE, Defendant JPA prays as follows:

A. For entry of judgment on Plaintiff's cause of action herein in favor of Defendant, at Plaintiff's costs;

B. For an award of its expenses of defending this action, including attorneys' fees; and

C. For such other relief as the Court deems equitable in the premises.

> WEST HAYMARKET JOINT PUBLIC AGENCY, a political subdivision of the State of Nebraska, Defendant
>
> By: /s/Rodney M. Confer
> Rodney M. Confer # 10753
> Jocelyn W. Golden # 23039
> Lincoln City Attorney
> 555 South 10th Street, Suite 300
> Lincoln, NE 68508-3997

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of December, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Gail S. Perry
Torrey J. Gerdes
Baylor, Evnen, Curtiss, Grimit & Witt, LLP
Wells Fargo Center
1248 O Street, Suite 600
Lincoln, NE 68508-1499

> By: /s/Rodney M. Confer
> Rodney M. Confer, #10753